## Seneca Pettee *vs.* Richard Prout.

In an action on a note payable to a person named or bearer, the production of the note by the plaintiff, not being the payee named, is sufficient evidence of his title, although he be the general agent of the payee, who is alleged in the answer to be the owner of the note.

The bearer of a note payable to one named or bearer takes it subject to no equities or right of set-off which the maker would have against the original payee.

Action of contract on a promissory note for $50, dated March 14th 1851, signed by the defendant, and payable in one year to the Cheshire Iron Works or bearer, with interest. The defendant, in his answer, denied that the plaintiff was the owner and bearer of the note sued upon, and alleged that it was the property of the Cheshire Iron Works; and also filed a declaration in set-off upon the following note : " $49.74. Cheshire, June 11, 1851. Six months after date we promise to pay to the order of Gilman Bowker forty nine dollars $\frac{74}{100}$, value received, ten dollars of which is to be paid in goods, with interest. " Cheshire Iron Works, by S. Pettee, general agent."

The case was submitted to the court upon a statement of facts, in which it was agreed that the plaintiff was the general agent of the Cheshire Iron Works; that the two notes were duly executed on the days of their respective dates; that the note in set-off was assigned by the holder thereof to the defendant, for a valuable consideration, with the intention of securing a debt against the Cheshire Iron Works; that the Cheshire Iron Works were insolvent, and had no property; and that their stockholders, of whom the plaintiff was one, were individually liable for their debts.

There being no evidence to whom the note sued upon belonged, beyond the note itself, the defendant contended that the plaintiff had not proved his title to the note; and further contended that if he had, the note for $49.74 should be allowed in set-off.

*J. D. Colt*, for the plaintiff.

*J. C. Wolcott*, for the defendant.

Pettee *v.* Prout.

SHAW, C. J.   The plaintiff brings his action, as bearer of a note made by the defendant to the Cheshire Iron Works or bearer.   He therefore claims as the holder of a negotiable promissory note, payable on time, and not dishonored; and if he establishes this title by proof, he is entitled to the same privileges and immunities as an indorsee, having taken a note by indorsement in the course of business, before it has become due. He is not subject to any equities as between the promisor and the original payee, nor to the set-off of any debt, legal or equitable, which the promisor may afterwards acquire.   *Wheeler* v. *Guild,* 20 Pick. 545.   By giving a note payable to bearer at a future day, which is strictly a negotiable note, the defendant agreed to pay the amount to any person to whom it should be transferred, before the day of payment, without claiming to set off any demand which he then had or might have, against the promisee.   It is in this respect like mercantile notes, (in use, we believe, in some of the states where the law allows set-offs and other equitable defences, even against indorsees of promissory notes,) payable " without defalcation," thereby meaning, by force of the contract itself, to bind the maker to pay the amount absolutely to the regular holder, and renouncing any benefit of set-off or other equitable defence against the payee.

Then the question is, as to the proof.   Where a plaintiff brings the note declared upon in his hand, and offers it in evidence, this is not only evidence that he is the bearer, but also raises a presumption of fact that he is the owner; and this will stand as proof of title, until other evidence is produced to control it.   Ordinarily, such bearer, relying on the general presumption, has no means of proving the transfer of the note to himself.

The defendant contends that, as the plaintiff was the general agent of the corporation to whom the note was payable, and, as such, had the custody of all their notes, his possession may have been the possession of the corporation.   But we think this fact alone is not sufficient to rebut the general presumption.

' The demand relied on by the defendant is a note signed by the Cheshire Iron Works, payees of the note in suit, and payable

to order; still it was not negotiable, because payable in part in goods. A negotiable note must be payable in money. But though the defendant could not sue on this note in his own name, yet we believe by the Rev. Sts. *c.* 96, § 5, as the assignee of a chose in action, the holder of such note might use it as a set-off, in a proper case, as against a suit brought by the debtor, in the same manner as if it were a legal debt. But it is unnecessary further to remark on the validity of the set-off; the ground of our decision is, that the plaintiff held the note in suit under such a title, that no demand of the defendant, legal or equitable, against the Cheshire Iron Works, could avail him as a set-off. *Judgment for the plaintiff.*